IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BELINDA POWELL,                §<br>       PLAINTIFF,           §<br>                              §<br>V.                            §<br>                              §<br>JUAN JASSO, ET AL.,           §<br>       DEFENDANTS.           § | CIVIL CASE NO. 3:20-CV-267-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition when appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On February 6, 2020, and again on 24, 2020, the Court issued deficiency orders, requiring Plaintiff Belinda Powell to pay filing and administrative fees of $400.00 or file a motion for leave to proceed *in forma pauperis*. Doc. 4; Doc. 7. The latest deadline for Powell's response was March 16, 2020. But on February 18, 2020, and again on March 2 and 6, 2020, she filed responses indicating her unwillingness to comply. In essence, Powell challenges the Court's authority to issue the deficiency order and require her to pay the $400 fee or submit a motion to proceed *in forma pauperis*. Doc. 8; Doc. 9.

Additionally, Powell's responses are nonsensical. *See, e.g.*, Doc. 9 at 1 (requesting "the Court and Magistrate Toliver to show cause … how 28 U.S.C. 1914(a) and the District Courts Miscellaneous Fee Schedule requesting such a fee complies with the Constitution and is not a

violation of Claimant's unalienable rights secured thereby."); Doc. 8 at 2 ("The constitution does not permit nor ascribe fees to the people in relation to the pursuit of justice in any court."). Powell asserts that her "financial information is a private matter" and that the Court has failed to cite "any law that requires disclosure of such private and personal information," Doc. 9 at 3, and argues that "the $400 fee [is] excessive and [that she] is unable to make such payment." Doc. 9 at 3.

In short, Powell refuses to comply with the Court's mandate that she either file a motion for leave to proceed *in forma pauperis* or pay the required filing fee and, to date, she has failed to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency orders. She has refused to do so. Consequently, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on March 31, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).