IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BELINDA POWELL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-267-L** |
| | § | |
| **JUAN JASSO; CHRISTOPHER RUIZ; MICHAEL OROSCO; JOSUE CAPETILLO; JACQUELINE LUNDO; EDWARD ANTUNEZ; and DALLAS COUNTY,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On June 26, 2020, and July 7, 2020, pro se Plaintiff Belinda Powell ("Plaintiff") submitted correspondence addressed to the attention of the undersigned and the clerk of the court (Docs. 23, 24), contending that this action should not have been dismissed. The court **construes** this correspondence as a motion to reconsider and, for the reasons that follow, **denies** the motion to reconsider (Doc. 23, 24).

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs motions filed within 28 days of the challenged order. The court's order and judgment (Docs. 20, 21) accepting the Findings, Conclusions and

**Memorandum Opinion and Order - Page 1**

Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) and dismissing without prejudice this action under Federal Rule of Civil Procedure 41(b) were entered on June 11, 2020. Because less than 28 days passed between the court's dismissal of this action and the dates Plaintiff sought reconsideration, Rule 59(e) applies to Plaintiff's motion to reconsider.

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff contends that this action should not have been dismissed because, contrary to the court's June 11, 2020 order, she filed a motion to proceed *in forma pauperis* as directed. She, therefore, argues that default should have been entered against Defendants as requested because they failed to "plead or otherwise answer." Doc. 23. In addition, Plaintiff maintains in her most recent correspondence to the clerk of the court that the court's dismissal of this action was unlawful and unconstitutional, and its order of dismissal and judgment are void because, as a United States citizen, she has "the right to sue and defend in the courts." Doc. 24. Plaintiff, therefore, contends that the clerk of the court should strike the court's judgment and enter default against Defendants. Plaintiff also warns that, if the clerk of the court fails to do so, she will be committing a crime and subjected to liability for conspiracy.

As explained in detail in the court's June 11, 2020 order, this action was dismissed without prejudice under Rule 41(b) as recommended by the magistrate judge because Plaintiff failed to comply with deficiency orders entered by the magistrate judge on February 6 and 24, 2020, requiring her to pay the requisite case filing fee or file a motion to proceed *in forma pauperis* using the AO 239 long form available on the court's website using the website link provided by the magistrate judge to that form. After she failed to do either, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered on March 31, 2020, recommending that the court dismiss without prejudice this action for failure to comply with a court order or failure to prosecute. Although no objections to the Report were filed, the court gave Plaintiff another opportunity to either pay the filing fee or file a motion to proceed *in forma pauperis* by June 9, 2020, *in accordance with the magistrate judge's orders*. The court expressly warned that Plaintiff's failure to comply with the court's instructions *and the orders entered by the magistrate*

**Memorandum Opinion and Order - Page 3**

*judge* would result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.

On June 8, 2020, Plaintiff moved to proceed *in forma pauperis* (Doc. 19), but, instead of completing the AO 239 long form as directed by the magistrate judge using the website link provided to that form, she filed her motion using the AO 240 short form, which did not include all of the information needed to determine whether she should be allowed to proceed without prepaying court fees and costs. Plaintiff had been given three opportunities to comply with court orders entered in this case and warned regarding the consequences of failing to comply with orders. Despite these warnings, Plaintiff failed on three separate occasions to comply with orders. The court, therefore, determined that she should not be given another opportunity or continuance to comply with the orders entered in this case, as doing so would unnecessarily delay the resolution of the litigation. Because Plaintiff is pro se, however, the court dismissed the action without prejudice under Rule 41(b) rather than with prejudice as indicated in the court's prior order. Thus, dismissal under Rule 41(b) was appropriate for the reasons explained in the court's June 11, 2020 order and the magistrate judge's Report, and Plaintiff is not entitled to relief under Rule 59(e). The court, therefore, **denies** Plaintiff's motion for reconsideration (Docs. 23, 24).

Further, the court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the court's June 11, 2020 order and the magistrate judge's Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal

**Memorandum Opinion and Order - Page 4**

with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

    **It is so ordered** this 8th day of July, 2020.

                                           */s/ Sam A. Lindsay*
                                           Sam A. Lindsay
                                           United States District Judge